UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**DEAN HUMMEL**, an individual, on behalf
of herself and those similarly situated,

                Plaintiff,

    vs.

**FORSTER & GARBUS LLP**, a New York
limited liability partnership,

                Defendant.
_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

Plaintiff, DEAN HUMMEL (hereinafter referred to as "PLAINTIFF"), on behalf of himself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, FORSTER & GARBUS, LLP (hereinafter referred to as "DEFENDANT"), and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*. DEFENDANT intentionally and systematically sends letters to consumers which do not disclose that the communication is from a debt collector. DEFENDANT further enters into settlement agreements with consumers which purport to settle the debt in full, and thereafter sends the consumer stipulations of discontinuance which are "without prejudice," such that DEFENDANT can sue the consumer again post-settlement.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

4. PLAINTIFF is a natural person residing in Honeoye, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT was formed in New York, the principal purpose of whose business is the collection of debts, with a principal place of business at 60 Motor Parkway, Commack, New York, 11725.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about March 12, 2015, DEFENDANT, on behalf of its client Midland Funding LLC, filed a lawsuit against PLAINTIFF. *See Midland Funding, LLC A/P/O Citibank*, No. 112241/15 (Sup. Ct. Ontario County 2015).

11. Upon information and belief, Midland Funding LLC sued PLAINTIFF for credit card debt.

12. On or about March 25, 2016, DEFENDANT had a telephonic communication with PLAINTIFF in which DEFENDANT agreed to settle the debt in full and discontinue the action for a one-time payment of $1,500.

13. On or about the same date, PLAINTIFF mailed the $1,500 payment to DEFENDANT.

14. On or about April 5, 2016, DEFENDANT mailed a form letter to PLAINTIFF, attached hereto as **Exhibit 1**.

15. In the letter, DEFENDANT does not disclose that the communication is from a debt collector. *Id.*

16. Included with the letter were three copies of a proposed stipulation of discontinuance.

17. One of the three copies was signed by an attorney with DEFENDANT's firm, attached hereto as **Exhibit 2**.

18. The stipulation of discontinuance is without prejudice. *Id.*

## CLASS ACTION ALLEGATIONS

19. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 18 inclusive, above.

20. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed classes are defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following classes:

   a. Class Number One: a class consisting of consumers who:

      i. Reside in New York, and;

        i. Within one year prior to the filing of this action;

        ii. Received a letter from DEFENDANT;

        iii. Which failed to conform to 15 U.S.C. § 1692e(11) in that it did not disclose that the communication was from a debt collector.

    b. Class Number Two: a class consisting of consumers who:

        i. Reside in New York, and;

        ii. Within one year prior to the filing of this action;

        iii. Entered into a settlement agreement with DEFENDANT which purported to settle the debt in full; and

        iv. Thereafter received a stipulation of discontinuation from DEFENDANT which was without prejudice.

21. PLAINTIFF does not know the exact size or identities of the classes, as DEFENDANT maintains exclusive control of such information. Because the letter is a form letter, and because the stipulation of discontinuance is also a form document, PLAINTIFF believes that the classes each include between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed classes are so numerous that joinder of all members is impracticable.

22. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the classes. These questions include, but are not limited to:

    a. Whether DEFENDANT's letter violates 15 U.S.C. § 1692e(11) by not disclosing that the communication was from a debt collector;

    b. Whether DEFENDANT's actions violate 15 U.S.C. § 1692e by entering into a

    settlement agreement with a consumer in which the debt was allegedly settled in full and thereafter providing the consumer a stipulation of discontinuance without prejudice;

  c. The identities of individuals who received a substantially similar collection letter from DEFENDANT which violated 15 U.S.C. § 1692e(11);

  d. The identities of individuals who entered into a settlement agreement with DEFENDANT and thereafter received a substantially similar stipulation of discontinuance which was without prejudice; and

  e. The total number of offending letters and stipulations that DEFENDANT mailed to consumers which violated the above subsections.

23. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

24. DEFENDANT has a practice and policy of sending letters to consumers which do not disclose that the communication is from a debt collector.

25. DEFENDANT also has a practice and policy of entering into settlement agreements with consumers and thereafter sending stipulations of discontinuance which would dismiss the underlying suit against the consumer "without prejudice," such that DEFENDANT can sue the consumer again post-settlement.

26. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

27. PLAINTIFF is committed to vigorously pursuing his claims.

28. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

29. A class action regarding the issues in this case does not create any problems of manageability.

30. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDPCA 15 U.S.C. § 1692e(11)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER ONE**

31. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 30 inclusive, above.

32. A debt collector is required to disclose in all communications subsequent to the initial communication "that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

33. On or about March 12, 2015, DEFENDANT, on behalf of its client, Midland Funding LLC, filed a lawsuit against PLAINTIFF. *See Midland Funding, LLC A/P/O Citibank*, No. 112241/15 (Sup. Ct. Ontario County 2015).

34. On or about March 25, 2016, DEFENDANT had a telephonic communication with PLAINTIFF in which DEFENDANT agreed to settle the lawsuit and underlying debt in full for a one-time payment of $1,500.

35. On or about the same date, PLAINTIFF mailed the $1,500 payment to DEFENDANT.

36. On or about April 5, 2016, DEFENDANT mailed a form letter to PLAINTIFF. *See* Ex. 1.

37. In the letter, DEFENDANT does not disclose that the communication is from a debt collector. *Id.*

38. Therefore, by not disclosing that the communication is from a debt collector, DEFENDANT violated 15 U.S.C. § 1692e(11).

39. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

40. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER TWO**

41. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 40 inclusive, above.

42. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

43. On or about March 12, 2015, DEFENDANT, on behalf of its client, Midland Funding LLC filed a lawsuit against PLAINTIFF. *See Midland Funding, LLC A/P/O Citibank*, No. 112241/15 (Sup. Ct. Ontario County 2015).

44. On or about March 25, 2016, DEFENDANT had a telephonic communication with PLAINTIFF in which DEFENDANT agreed to settle the lawsuit and underlying debt in full for a one-time payment of $1,500.

45. On or about the same date, PLAINTIFF mailed the $1,500 payment to DEFENDANT.

46. On or about April 5, 2016, DEFENDANT mailed a form letter to PLAINTIFF. *See* Ex. 1.

47. Included with the letter were three copies of a proposed stipulation of discontinuance.

48. One of the three copies was signed by an attorney with DEFENDANT's firm. *See* Ex. 2.

49. Because it does not state otherwise, the stipulation of discontinuance is without prejudice:

> **Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice**, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States.

N.Y. C.P.L.R. Law § 3217(c) (emphasis added).

50. When entering into a settlement with a debt collector to discontinue a lawsuit and settle a debt in full, the least sophisticated consumer would believe that the debt collector would be unable to sue the consumer again on the same debt.

51.     However, because DEFENDANT's stipulation of discontinuance did not state otherwise, the discontinuance is "without prejudice."

52.     In essence: by (1) entering into a settlement agreement with the consumer in which the debt was purportedly settled in full, and then (2) sending a stipulation of discontinuance without prejudice, DEFENDANT misleads the least sophisticated consumer into believing that they had achieved a final resolution of the lawsuit and debt, when, in fact, DEFENDANT retains the power to sue the consumer again.

53.     By misleading the least sophisticated consumer in this manner, DEFENDANT violated 15 U.S.C. § 1692e.

54.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

55.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

56.     Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the classes, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)      For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)      For disgorgement of all of DEFENDANT's revenues obtained through use of the letter and stipulation of discontinuance at issue;

(5)      For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6)      For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7)      For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
       May 5, 2016

Respectfully Submitted,

**GESUND & PAILET, LLC**

/s/ Alexander J. Douglas

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
**GESUND & PAILET, LLC**
11 Alger Dr.
Rochester, NY  14624
Tel: (585) 703-9783
Fax: (702) 851-2189
alex@gp-nola.com
*Attorney for Plaintiff*